Filed 5/11/23  P. v. Pamphile CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>YAHVAH PAMPHILE,<br><br>    Defendant and Appellant. | B322919<br><br>(Los Angeles County<br>Super. Ct. No. MA054680) |

THE COURT:

Yahvah Pamphile (defendant) appeals the order of the superior court summarily denying his petition for resentencing under Penal Code[1] section 1172.6 (former section 1170.95).[2]  We

_____

1    All further statutory references are to the Penal Code unless otherwise indicated.

appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. Our Supreme Court has established a procedural framework to follow when appointed counsel finds no arguable issues. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221-222 (*Delgadillo*).) Under that framework, we gave notice to defendant that he had the right to file a supplemental letter or brief, or his appeal could be dismissed. He filed a 32-page supplemental brief raising several issues, so we have issued an opinion evaluating his arguments. (See *id.* at p. 232.)

Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND[3]

While two members of street gangs got into a fistfight outside of a bar in Lancaster, California, defendant walked up to another onlooker, pulled out a gun, and shot him in the back of the head.

Defendant was convicted by jury of first degree murder (§ 187, subd. (a)). The jury also found true the allegations that defendant personally discharged a firearm causing death (§ 12022.53, subd. (d)), and that the crime was committed for the

---

**2** Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we will refer to the section by its new numbering only.

**3** We granted defendant's request to take judicial notice of this court's unpublished decision in defendant's direct appeal from his conviction (*People v. Pamphile* (Dec. 22, 2014, B248604) [nonpub. opn.]).

benefit of a criminal street gang (§ 186.22, subd. (b)(4)). Defendant admitted he had previously suffered a prior serious or violent felony, or "strike" (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

The trial court sentenced defendant to a state prison term of 90 years to life, comprised of 50 years to life for the murder (that is, a base sentence of 25 years to life doubled due to the prior strike), plus 25 years to life for the firearm enhancement, plus 15 years to life for the gang enhancement.

Defendant appealed his conviction, arguing that (1) the trial court erred in denying his motion for a new trial due to the insufficiency of the evidence and to the discovery of new material evidence, and (2) the gang enhancement was improperly imposed. We rejected his first contention, but struck the 15-year gang enhancement because we concluded the 15-year minimum parole eligibility term of section 186.22, subdivision (b)(5) applied instead. In all other respects, we affirmed the judgment as modified.

On June 7, 2022, defendant filed, in propria persona, a petition for resentencing pursuant to section 1172.6.

On June 29, 2022, the trial court summarily denied the petition for resentencing, stating, in pertinent part, "[t]he evidence at trial showed that the prosecution's theory of the case was that [defendant] was the actual shooter and that the [defendant] intended to kill the Victim. [¶] Therefore, the defendant has failed to make a prima facie case for relief and the Petition . . . is denied."

Defendant filed a timely notice of appeal from the order. After his appointed counsel filed a letter raising no issues, defendant filed his supplemental brief.

3

# DISCUSSION

Under the *Delgadillo* procedures that apply when a defendant files a supplemental brief, our task is a limited one: We need not conduct an independent review of the entire record for unraised issues; instead, we need only "evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

Defendant presents three categories of arguments in his supplemental brief—namely, that (1) the evidence adduced at his trial was insufficient to convict him of murder; (2) his appointed counsel in this appeal was ineffective for not raising that issue; and (3) the criminal street gang enhancement must be reversed because of changes made to section 186.22 by the enactment of Assembly Bill No. 333 (2021-2022 Reg. Sess.).

These arguments all lack merit.

As a threshold matter, this is an appeal from the denial of a motion for relief under section 1172.6. That section provides a post-conviction mechanism for vacating a murder conviction that rests on any of the legal theories of liability that the Legislature invalidated in Senate Bill No. 1437 (2017-2018 Reg. Sess.). It is not a free-floating mechanism for relitigating the validity of any murder conviction. (*People v. Strong* (2022) 13 Cal.5th 698, 713-714; cf. *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 [relief inmate sought under a petition to resentence under § 1170, subd. (d), was not available under that statute and, therefore, trial court had no jurisdiction to grant the relief and the order denying such relief was not reviewable on appeal].) As a result, none of defendant's arguments are properly before us: His attack on the sufficiency of the evidence at his trial seeks to relitigate the validity of his conviction; his attorney in this appeal acted

4

correctly in not raising this issue because it is outside the scope of section 1172.6; and the new gang enhancement statute seeks relief wholly separate from the relief available under section 1172.6 and is not, in any event, available to persons—like defendant—whose convictions are long final.  (*People v. Salgado* (2022) 82 Cal.App.5th 376, 380.)

Further, the only issue properly presented in this appeal—the correctness of the trial court's denial of defendant's section 1172.6 petition—was decided correctly.  Section 1172.6 does not provide relief for persons who were convicted as the actual killer.  (*People v. Duran* (2022) 84 Cal.App.5th 920, 927.)  Because defendant was convicted on precisely that still-valid theory, the trial court properly denied his section 1172.6 petition as a matter of law.  As a result, the trial court's summary denial without first appointing counsel is harmless, and provides no basis for disturbing the trial court's ruling.

In conclusion, we are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist.  (*People v. Wende* (1979) 25 Cal.3d 436, 441; *People v. Kelly* (2006) 40 Cal.4th 106, 109-110.)

## DISPOSITION

The order denying defendant's petition for resentencing pursuant to Penal Code section 1172.6 is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>

_____

ASHMANN-GERST, Acting P. J.,  CHAVEZ, J.,  HOFFSTADT, J.

5